IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-0099-BNB

ALEXIS R. ORTIZ,

    Applicant,

    v.

FRANCIS FALK, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

---

ORDER DISMISSING CASE

---

Applicant, Alexis R. Ortiz, initiated this action by filing *pro se* a "Motion for Extension of Time to File for Federal Relief 2254 Habeas Corpus," ECF No. 1. On January 14, 2014, Magistrate Judge Boyd N. Boland entered an order directing Applicant to cure certain deficiencies by filing his claims on a Court-approved form used in filing 28 U.S.C. § 2254 actions and either paying the $5 filing fee or in the alternative submitting a request to proceed pursuant to 28 U.S.C. § 1915. On February 13, 2014, Applicant complied with the January 14, 2014 Order. Applicant also filed a Motion to Dismiss Without Prejudice, ECF No. 4. In the Motion to Dismiss, Applicant concedes the Application he submitted on February 13 contains unexhausted claims that must be exhausted in state court before being presented to this Court for federal habeas review. Applicant asks that the Court dismiss this action without prejudice so he may return to state court to exhaust claims and then return to federal court following exhaustion and "add new claims for relief to claims presented in [the] original petition." Mot. Dismiss,

ECF No. 4, at 2.

The Court must construe the Motion liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Rule 41(a)(1)(A) provides that "the [applicant] may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." No answer on the merits or motion for summary judgment has been filed by Respondents in this action. Further, a voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).

The Court, therefore, construes the Motion as a Notice of Voluntary Dismissal filed pursuant to Rule 41(a)(1)(A)(i). The file will be closed as of February 13, 2014, the date the Notice was filed with the Court. *See Hyde Constr. Co.*, 388 F.2d at 507.

The Court, however, recognizes Applicant's concerns regarding the timeliness of an action for federal habeas relief in this case and notes as follows. The time during which this application was pending in this Court does not toll the one-year limitation period in 28 U.S.C. § 2244(d). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of [an applicant's] first federal habeas petition"). Furthermore, "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S.

Ct. 2549, 2554 (2010), and the time during which a proper postconviction is pending in state court is tolled for the purposes of 28 U.S.C. § 2244(d). *See Habteselassie v. Novak*, 209 F.3d 1208 (10th Cir. 2000). The Court, however, refrains from addressing timeliness in this action due to Applicant's request for a voluntary dismissal. Accordingly, it is

ORDERED that the Motion to Dismiss, ECF No. 4, is construed as a Notice of Voluntary Dismissal filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and is effective as of February 13, 2014, the date Applicant filed the Notice in this action. It is

FURTHER ORDERED that the action is dismissed without prejudice.

DATED at Denver, Colorado, this  21st  day of    February   , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court